UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NILSSON FUENTES-CRUZ,

                         Petitioner,                                            REPORT AND
                                                                              RECOMMENDATION

   -against-                                                                         CV 04-2480 (ADS) (ETB)

JAMES BERBARY, Superintendent of
Great Meadow Correctional Facility,

                         Respondent.
------------------------------------------------------------------------X

       TO THE HONORABLE ARTHUR D. SPATT, UNITED STATES DISTRICT JUDGE:

       On May 14, 2004 Nilsson Fuentes-Cruz ("Fuentes-Cruz") petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for relief from his state conviction of robbery in the second degree. On July 11, 2005, this proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 of the Federal Rules of Civil Procedure for a Report and Recommendation. (See Order of the Hon. Arthur D. Spatt, dated July 11, 2005.)

## THE PETITION

Petitioner requests issuance of a writ of habeas corpus vacating the judgment of conviction entered in New York State Supreme Court, Nassau County, on April 9, 2002, following a jury verdict returned after trial wherein the petitioner was found guilty of robbery in the second degree (New York Penal Law § 160.10). Petitioner was sentenced to a determinate term of imprisonment of eighteen years. Petitioner appealed his conviction to the Appellate Division, Second Department, which affirmed the conviction on November 24, 2003. People v. Nilsson Fuentes-Cruz, 1 A.D. 3d 6098 (N.Y. App. Div. 2d Dep't 2003). Leave to appeal to the New

York Court of Appeals was denied on February 27, 2004.  See 1 N.Y. 3d 627, 777 N.Y.S. 2d 26 (2004).

The petition, initially filed pro se, was timely filed in the Western District of New York on May 14, 2004.  By order dated June 7, 2004, John T. Curtin, U.S.D.J., transferred the petition to the Eastern District of New York, as petitioner was prosecuted in Nassau County. On October 27, 2004, respondent Nassau County District Attorney filed an affidavit and memorandum of law in opposition to the petition (hereinafter, "Resp't Opp'n"). On November 20, 2004, Judge Spatt granted petitioner's motion to appoint counsel.  On December 13, 2004, petitioner, still proceeding pro se however, filed a response to respondent's opposition a with memorandum of law (hereinafter, "Mem. in Supp. Dec. 2004").  On March 14, 2005, petitioner's appointed CJA counsel, Alan M. Nelson, filed a memorandum of law in support of petitioner's application, raising two additional grounds for relief (hereinafter, "Mem. in Supp. March 2005").  On June 3, 2005, respondent filed a supplemental affidavit and memorandum of law in opposition to petitioner's application (hereinafter, "Resp't Supp. Mem. in Opp'n").

In his pro se petition, Fuentes-Cruz challenges his conviction on the grounds that: (1) he was denied a fair trial because the county court decided several post-verdict motions without conducting a hearing; (2) the evidence was legally insufficient to establish his identity as a robber; (3) the evidence was legally insufficient to establish that petitioner intended to commit robbery; (4) the verdict was against the weight of the evidence; (5) the trial court's instructions on identification and intent were erroneous; and (6) the prosecutor impermissibly bolstered the complainant's identification testimony and impermissibly urged the jury to use hearsay to confirm the identification of the petitioner.  (Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody ("Petition") 7-8.) These claims were raised in the state court and therefore were exhausted.

In the memorandum subsequently filed by petitioner's CJA counsel, Alan Nelson, petitioner raises the additional grounds that: (1) petitioner was denied effective assistance of counsel as a consequence of trial counsel's failure to exercise due diligence in acquiring exculpatory witnesses; and (2) petitioner's Sixth Amendment rights were violated and he was denied a fair trial due to the combined effects of prosecutorial misconduct during summation and improper bolstering of eyewitness identification. (Mem. in Supp. March 2005 at 5, 12.) These claims were never presented to the state court.

## DISCUSSION

This is a "mixed" petition for habeas relief; i.e., it contains claims adequately raised in the state court and claims never raised in state court. A federal court reviewing a petition which contains both exhausted and unexhausted claims may: (1) dismiss the petition in its entirety; (2) stay the proceedings to allow petitioner to exhaust all of his claims; or, (3) where the unexhausted claim is patently without merit, deny the claim even though it is unexhausted. See 28 U.S.C. § 2254(b)(2); Rhines v. Weber, 125 S. Ct. 1528 (2005); Pliler v. Ford, 542 U.S. 225 (2004).

Neither of the supplemental claims raised by petitioner discussed supra were presented to the state court. Petitioner's first claim, that he was denied effective assistance of counsel, is premised upon a failure of counsel to act with due diligence in the investigation and preparation of the matter prior to trial. Petitioner argues that an evidentiary hearing should be conducted for the purpose of determining under what circumstances counsel first became aware of the allegedly exculpatory evidence. (Mem. in Supp. March 2005 at 10.) The respondent contends

3

that the claim should be rejected on its merits because it is plainly meritless. (Resp't Supp. Mem. in Opp'n at 9-10.)

The record before the Court does not contain information concerning petitioner's trial counsel's pre-trial investigation and preparation. Accordingly, the claim cannot be decided on the merits. This claim should first be presented to the state court.

In <u>Massaro v. United States</u>, 538 U.S. 500 (2003), the Supreme Court held that a defendant challenging a federal conviction under 28 U.S.C. § 2255 could raise an ineffective assistance of counsel claim for the first time in a collateral proceeding even though the defendant could have but did not raise the claim on direct appeal. <u>Massaro</u>, 538 U.S. at 505-506. Although the <u>Massaro</u> Court explicitly limited its holding to proceedings under 28 U.S.C. § 2255 (<u>id.</u> at 509), petitioner urges the Court to apply <u>Massaro</u> to the facts of the instant Section 2254 proceeding.

The holding in <u>Massaro</u> does not extend to petitions filed pursuant to Section 2254, which applies to a petition challenging a state court, as opposed to a federal court, conviction. <u>Sweet v. Bennet</u>, 353 F.3d 135, 140 (2d Cir. 2003) (declining to apply <u>Massaro</u> to an ineffective-assistance of counsel claim raised for the first time in a Section 2254 petition). As the Court of Appeals noted, "Section 2254, unlike § 2255, contains an exhaustion rule, 28 U.S.C. § 2254(b)(1)(A), as well as a rule requiring deference to state courts, 28 U.S.C. § 2254(d), underscoring the necessity that defendants raise their claims in state courts first. <u>Massaro</u> does not address the concerns of comity and federalism, essential to § 2254 and the independent and adequate state ground doctrine." <u>Id.</u> Accordingly, contrary to petitioner's contention, <u>Massaro</u> is not applicable to a Section 2254 proceeding. It is not disputed by petitioner that his ineffective assistance of counsel claim is unexhausted, discussed further, <u>infra</u>.

4

The supplemental memorandum filed by petitioner also sets forth the claim that petitioner's Fifth and Sixth Amendment rights were violated due to the combined effects of prosecutorial misconduct during summation and improper bolstering of eyewitness identification under the standard announced in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L. Ed.2d 177 (2004). While petitioner did raise certain state claims alleging prosecutorial misconduct in state court, he did not assert that the alleged prosecutorial misconduct violated the Fifth or Sixth Amendment.

In Crawford, the Supreme Court held that out-of-court statements of a "testimonial nature," by a person who does not appear at trial, may not be received against the accused to establish the truth of what was stated unless the declarant is unavailable at trial and the accused was afforded a prior opportunity to cross-examine the declarant on the statement. Crawford, 541 U.S. at 53-54. Petitioner here argues that the prosecutor's statement in summation– that an eyewitness had identified petitioner as the perpetrator but was afraid to testify against the petitioner– violates the rule set forth in Crawford. (Mem. in Supp. March 2005 at 12-15.) Petitioner also argues that prosecutor's use of the hearsay identification testimony of the anonymous witness violates the standards set forth in Ohio v. Roberts, 448 U.S. 56 (1980) (discussing the guidelines for determining the reliability of hearsay), and White v. Illinois, 502 U.S. 346 (1992) (discussing the "spontaneous declaration" exception to the hearsay rules). This claim also was never presented to the state court and therefore also remains unexhausted.

For the foregoing reasons, I recommend that the petitioner be afforded the opportunity to raise the unexhausted claims in the state court, on the condition that the petitioner pursue his state remedies within thirty (30) days from the date of any order entered herein, and on the further condition that, depending on the outcome in the state court, that petitioner refile a

supplemental petition as to the two newly exhausted claims within thirty (30) days from the completion of the exhaustion of remedies in the state court. I further recommend that consideration of petitioner's exhausted claims be administratively closed and consideration of such claims stayed pending the outcome of the state exhaustion proceedings. See Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001) (setting forth the thirty day periods in which to initiate a state collateral proceeding and, upon state court exhaustion, reopen a federal proceeding). Annexed hereto is a copy of an order used for this purpose compliments of Jack Weinstein J.D.C. (E.D.N.Y.).

## RECOMMENDATION

Pursuant to Zarvela, the Court should dismiss the unexhausted claims and stay further proceedings on the exhausted claims to afford petitioner the opportunity to raise and exhaust all available state court remedies before renewing any request for relief on these grounds. Petitioner should be afforded thirty (30) days to file his request for relief in the state court and thereafter, upon completion of exhaustion in the state court, should be afforded no more than thirty (30) days to file any renewed request for relief on such claims, pursuant to 28 U.S.C. § 2254.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v.

Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Petitioner's counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED.

Dated: Central Islip, New York
      September 9, 2005

                                      /s/ E. Thomas Boyle
                                      E. THOMAS BOYLE
                                      United States Magistrate Judge